UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEITH REAGAN CARTER, | Case No. 1:19-cv-00358-DAD-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | (Doc. 21) |
| Defendants. | **14-DAY DEADLINE** |

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **PLEADING STANDARDS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arose during his incarceration at California Correctional Institution in Tehachapi, California. Plaintiff is a practicing Muslim and prays daily. According to Plaintiff, having a prayer rug is a central tenet of Islamic religious traditions and is practiced by inmates in California Department of Corrections and Rehabilitation custody. Plaintiff alleges that in September 2017, a "religious package" containing a prayer rug and other religious materials arrived for Plaintiff from the American Arab Message Bookstore ("AAMBS"). Plaintiff describes the prayer rug as the best tapestry not found through other sellers. According to Plaintiff, Corrections Officers Reed and Wadkins refused to release the package to Plaintiff or to Chaplain A. Landou, who had pre-approved the order. Plaintiff argues that Defendants failed to follow CDCR's Department Operations Manual, which sets forth policies and procedures for

handing religious artifacts. Plaintiff argues that Defendants thereby burdened and interfered with Plaintiff's free exercise of his religious practices.

In the absence of his AAMBS rug, Plaintiff states that he was forced "to use make-shift items to pray on as his new found faith called on him to obtain the prayer rug from American Arab Message Book Store . . ." (Doc. 21 at 6.) Plaintiff made numerous requests for the package, and he contends that other inmates were able to receive their prayer rugs from the AAMBS.

Plaintiff further alleges that CO Reed threatened to destroy the religious package. Plaintiff filed a complaint against him, but the complaint was denied. Plaintiff asserts that, during the administrative appeals process, CO Reed and CO Wadkins intimidated, threatened, and discriminated against Plaintiff. Before he could exhaust his administrative remedies, Plaintiff was transferred to Mule Creek State Prison. Officials informed Plaintiff that during his transfer, the package was lost or stolen.

Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California. In his second amended complaint, Plaintiff alleges violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc–2000cc-5 ("RLUIPA") (Count I); the Fourth and Fourteenth Amendments (Count II); "Failure to Train, Supervise, Audit, and Discipline" officers regarding religious practices (Count III); and the Due Process Clause of the Fifth Amendment (Count IV). (Doc. 21.) He names as defendants the CDCR, CDCR Secretary Ralph Diaz, CCI, Warden J. Sullivan, Associate Warden L. Ludy, Captain T. Gonzalez, Sergeant B. Mello, CO T. Reed, and CO D. Wadkins. Plaintiff sues CO Reed and CO Wadkins in their individual capacities; he sues the other individual defendants in their official capacities. Each claim is asserted against the "Defendants" collectively, and Plaintiff sues for damages against all defendants "jointly and severally." Plaintiff also requests declaratory judgment, injunctive relief, and fees and costs.

### III. DISCUSSION

#### A. Linkage and Causation

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or other federal rights by persons acting "under color of state law." To state a claim under section

1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a person may be liable under section 1983 for an affirmative act, participation in another's affirmative acts, or omission of an act that he is legally required to do, causing the deprivation of a constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) *accord Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Plaintiff names several defendants, including two entity defendants (CDCR and CCI), and in each count, he refers to "Defendants" collectively. Plaintiff's allegations link only CO Reed and CO Wadkins to the alleged violations of Plaintiff's rights. Plaintiff thus fails to state a claim against any of the other defendants. For this reason, dismissal of CDCR, CDCR Secretary Ralph Diaz, CCI, Warden J. Sullivan, Associate Warden L. Ludy, Captain T. Gonzalez, and Sergeant B. Mello is appropriate on this basis.

### B. Eleventh Amendment Immunity

Additionally, Plaintiff may not seek damages from the entity defendants for violations of his civil rights. The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S.

44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, *Alabama v. Pugh*, 438 U.S. 731, 732 (1978), and regardless of whether the plaintiff's claim arises under federal or state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). While Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "[section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *accord Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Both the Ninth Circuit and the United States Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded on other grounds by statute*, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity).

In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh Amendment. *See, e.g.*, *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Fulcher v. Cal. Dep't of Corr.*, 297 F.App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment."); *cf. Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111–12 (9th Cir. 2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds). Therefore, CDCR and CCI should be dismissed from this action based on Eleventh Amendment immunity as well.

///

### C. First Amendment and RLUIPA[1]

In Count I of Plaintiff's second amended complaint, Plaintiff alleges that COs Wadkins and Reed, in contravention of state regulations and the department operations manual, "refus[ed] to release the plaintiff's Religious Package" containing a prayer rug from American Arab Message Book Store, thereby depriving him of his prayer rug and causing him to "violate his core relief belief on a daily basis." (Doc. 21 at 4.) According to Plaintiff, "[h]aving a prayer rug is a central tenet of Islamic religious traditions enjoyed by Muslim prisoners incarcerated at [CDCR] facilities." (*Id.* at 1.) More specifically, Plaintiff asserts that "his religious beliefs compel him to make salat (prayer) utilizing the prayer rug that had been sent by American Arab Message Book Store." (*Id.* at 6.) While other inmates received prayer rugs from AAMBS, Plaintiff has been forced "to use make-shift items to pray on as his new found faith called on him to obtain the prayer rug from American Arab Message Book Store, which is of the best tapistry (sic) not found in any other place but theirs." *Id.* Despite the approval of the package by Chaplain A. Landou, Plaintiff did not receive his package, which was lost or stolen when Plaintiff was transferred to another facility.

The Free Exercise clause of the First Amendment provides: "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const., amend. I. The First Amendment is applicable to the States by the Fourteenth Amendment. U.S. Const., amend. XIV. The Free Exercise Clause requires government respect for, and noninterference with, the religious beliefs and practices of its citizens. *See Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005).

"The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). However, an inmate's right to free exercise religion is limited by the state's institutional objectives and the fact of his incarceration. *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015); *Hartmann v. Cal. Dep't of Corr. &*

---

[1] In the caption for Count I of Plaintiff's second amended complaint, Plaintiff alleges that Defendants' deprivation of the religious package was a violation of the RLUIPA. Although this caption excludes the First Amendment, it is referenced in other places within the pleading, and the subject matter of Plaintiff's claims warrants consideration of Count I under the Free Exercise Clause.

*Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone*, 482 U.S. at 348). "Plaintiffs must allege facts plausibly showing that the government denied them 'a reasonable opportunity of pursuing [their] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Hartmann*, 707 F.3d at 1122 (alteration in original) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

To implicate the Free Exercise clause, a prisoner's claim must meet two criteria:

> First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend to so-called religions which … are obviously shams and absurdities and whose members are patently devoid of religious sincerity. Second, the claim must be rooted in religious belief, not in purely secular philosophical concerns.

*Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (alteration in original) (citations and internal quotation marks omitted), *supplemented*, 65 F.3d 148 (9th Cir. 1995).

If the inmate makes his initial showing of a sincerely held religious belief, he must establish that prison officials substantially burdened the practice of his religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith. *Shakur,* 514 F.3d at 884–85. Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (citation and internal quotation marks omitted). "A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015).

Plaintiff also alleges in Count I that Defendants violated the RLUIPA, which holds prison officials to a stricter standard than under the First Amendment. *Green v. Solano Cty. Jail*, 513 F.3d 992, 986, 989 (9th Cir. 2008). This act provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The Court must construe this provision "in favor of a broad protection of religious exercise, to the extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3(g). "A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717, n.28 (2014)).

After the court has identified the "religious exercise" allegedly impinged upon, the court must determine whether the prison regulation or action at issue "substantially burdens" that religious exercise. *Greene*, 513 F.3d at 987. Plaintiff must allege facts demonstrating that defendant substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994–95 (9th Cir. 2005). While the statute does not define "substantial burden," the Ninth Circuit has held that "a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise." *Hartmann*, 707 F.3d at 1124–25 (citing *San Jose Christian Coll.*, 360 F.3d at 1034). A substantial burden occurs when the state's denial of accommodation places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1124–25 (citing *Warsoldier*, 418 F.3d at 995). If the plaintiff demonstrates a substantial burden on his free exercise, the burden shifts to the defendants to show that the burden imposed is (1) in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that interest.

Applying these legal standards, the Court finds that Plaintiff has not sufficiently alleged a claim for impermissible burden of religious exercise under the First Amendment or the RLUIPA. Plaintiff's pleading indicates that daily prayer is a religious exercise of his Islamic faith. In this respect, the Court finds that Plaintiff failed to demonstrate a substantial burden, given his ability to use substitute items and engage in his daily prayers. Plaintiff describes the items as "make-shift," which suggests a lower quality substitute; however, he has not explained what these items are, why they are inadequate substitutes for the AAMBS prayer rug, or the duration of any deprivation. According to Plaintiff, he was able to exercise his Islamic faith through prayer

8

despite the deprivation of the prayer rug of his choice. A substantial burden is "more than an inconvenience on religious exercise." *Jones*, 791 F.3d at 1031–32. A plaintiff must demonstrate that he was under substantial pressure to act in a manner contrary to his religious beliefs or to modify his behavior and violate his beliefs. *See Jones*, 791 F.3d at 791 F.3d at 1031–32; *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) (quoting *Warsoldier*, 418 F.3d at 995). Plaintiff has not made a showing that he was pressured to act or modify his behavior in contravention of his religious beliefs and practices.

To the extent that Plaintiff appears to contend the "religious exercise" in this case is utilizing the specific prayer rug sent to him by the AAMBS, his request for an accommodation must be "sincerely based on a religious belief and not some other motivation." *See Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717, n.28 (2014)). Plaintiff states that the AAMBS prayer rug was made "of the best tapestry not found in any other place but theirs," (Doc. 21 at 6), but he was able to use other items to practice faith and engage in prayers. Thus, it appears that Plaintiff is motivated by and has a preference for the AAMBS rug based on its quality, rather than a sincerely held religious belief that ownership of an AAMBS rug is mandated by his Islamic faith.

Moreover, a prisoner "does not have a constitutional right to a vendor of his choice." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1215 (S.D. Cal. 2012) (finding that policy favoring prayer oil orders from Union Supply over plaintiff's preferred vendor does not impose a substantial burden); *see also Thomas v. Little*, No. 07–1117–BRE/egb, 2009 WL 1938973, at *5 (W.D. Tenn. July 6, 2009) (dismissing First Amendment and RLUIPA claims arising out of policy limiting prayer oil purchases to approved vendor Union Supply); *Bey v. Tenn. Dep't of Corr.*, No. 2:15-CV-174-TWP-MCLC, 2018 WL 1542383, at *3 (E.D. Tenn. Mar. 29, 2018) (no substantial burden in prison's requirement that prayer oil be purchased from an approved vendor, Union Supply, instead of a Muslim vendor); *Tate v. Dickinson*, No. 2:13–cv–2393–WBS–EFB PC, 2014 WL 2877317 (E.D. Cal. June 24, 2014) ("plaintiff's mere preference for a larger variety of oils . . . is not sufficient to state a cognizable claim"). Although Plaintiff demonstrates a preference for a rug from AAMBS, his deprivation of it does not amount to a denial of a "reasonable

opportunity" to freely exercise his faith and "adher[e] to conventional religious precepts." *See Hartmann*, 707 F.3d at 1123.

### D. Fourth, Fourteenth, and Fifth Amendments

In Count II, Plaintiff alleges generally that Defendants deprived him of "religious practices without legal justification, probable cause as required under the Fourth Amendment . . . incorporated by the Fourteenth Amendment." To the extent that Plaintiff claims the rug was unlawfully seized, the Fourth Amendment does not protect an inmate from seizure, conversion, or destruction of property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 524, 537–40 (1984)).

Insofar as Plaintiff asserts a due process violation under the Fourteenth Amendment, prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). Therefore, Plaintiff fails to state a claim for Defendants' refusal to release the package containing the prayer rug.

In Count IV, Plaintiff asserts a due process violation under the Fifth Amendment, as well. However, the Fifth Amendment prohibits the denial of due process by federal actors and is therefore inapplicable in this case. *See* U.S. Const. amend XIV, § 1; *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States").

Accordingly, Counts II and IV fail to state a cognizable constitutional claim for the deprivation of his property.

### E. Failure to Train

In Count III, Plaintiff alleges that Defendants failed to train, supervise, audit, and discipline individual defendants regarding Plaintiff's First Amendment rights to exercise his religious practices. Plaintiff's allegations are too vague and conclusory to state a cognizable claim.

## III. CONCLUSION

The Court finds that Plaintiff is unable to allege any facts that would state cognizable civil rights claim and further amendment would be futile. For the foregoing reasons, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 29, 2021**__  _____ **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE