UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00358-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 25) |

　　　　Plaintiff Keith Reagan Carter is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 29, 2021, the assigned magistrate judge issued findings and recommendations, finding that plaintiff had failed to allege any facts that would state a cognizable civil rights claim and recommending dismissal of plaintiff's second amended complaint without further leave to amend. (Doc. No. 25.) In particular, the magistrate judge found that plaintiff had not sufficiently alleged a claim that an impermissible burden had been placed on his religious exercise in violation of the First Amendment or the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. (*Id.* at 8.) The pending findings and recommendations were served upon all parties and contained notice that any objections were to be filed within fourteen days of the date of service. (*Id.* at 11.) After receiving an extension of

time to do so, plaintiff filed timely objections.  (Doc. No. 28.)

In those objections, plaintiff asserts that the CDCR and CCI are not entitled to immunity under the Eleventh Amendment and largely repeats his allegations that defendants violated his rights under the Constitution and RLUIPA, submitting numerous exhibits to establish his attempts to obtain his authorized "religious package."  (*Id.*)  Plaintiff indicates that he prays five times daily, and the prayer rug "is not only a central tenet of Islamic religious traditions, it would have provided comfort for longer periods of prayer had plaintiff been allowed receipt of his pre-approved religious package."  (*Id.* at 5.)  Such statements support the magistrate judge's conclusions that plaintiff's free exercise rights were not impinged by the denial of the prayer rug from a specific vendor.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 29, 2021 (Doc. No. 25) are adopted in full;
2. This action is dismissed for failure to state a cognizable claim; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 7, 2021**

UNITED STATES DISTRICT JUDGE